IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES LEONARD TONEY                                                           PLAINTIFF

v.                             Civil No. 6:18-CV-06049

CORPORAL HEATH DICKSON, CHIEF                           DEFENDANTS
DONNIE TABER, and ASSISTANT CHIEF
JIM BAILEY (all of Malvern Police
Department)

## ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on May 22, 2018. (ECF No. 1). He alleges his constitutional rights were violated when he was "victimized by reckless negligence." (*Id*. at 7). This claim centers on a confrontation Plaintiff had with police on August 23, 2017. Plaintiff submitted a copy of an offense/incident report from the Malvern Police department indicating that officers, including Defendant Dickson, attempted to serve a warrant on Plaintiff that day, but were called away to a "physical fight with injury" after making contact with Plaintiff. (*Id*. at 10). Plaintiff alleges there was no warrant and he was therefore harassed, targeted and profiled. (*Id*. at 8-10). Plaintiff further alleges the Malvern Police Department and Defendant Dickson filed false charges against him in order to force him to provide information in a murder investigation. (*Id*. at 11-13).

Plaintiff proceeds against Defendants in both their official and personal capacity. (*Id*. at 16). He seeks compensatory and punitive damages. (*Id*. at 17).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff failed to state any plausible constitutional claims. Research by the Court indicates there were two outstanding arrest warrants against Plaintiff in two Hot Spring County criminal cases during the month of August 2017.[1] On August 3, 2017, warrant No. 30BW-17-407 was issued in *State v. James Toney*, Case No. 30CR-17-260 for possession of a controlled substance. This warrant was served on Plaintiff in the Hot Spring County Jail on August 11, 2018. Warrant

---

[1] This information is publicly available on Arkansas CourtConnect, https://courts.arkansas.gov/administration/acap/courtconnect.

No. 30BW-17-394 was issued on July 31, 2017, in *State v. James Toney*, Case No. 30CR-17-222 for failure to appear. Plaintiff was served with this warrant on August 31, 2017. Plaintiff's allegation that the officers were harassing him because there was no warrant to serve on August 23, 2017, is therefore without merit.

The existence of these warrants also negates Plaintiff's allegation that charges were filed against him solely to force him to cooperate in a murder investigation. *See Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012) ("the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner"). A suspect has no constitutional right to be free from law enforcement investigation when there is probable cause that the suspect has committed a crime.

Likewise, there is no constitutional right to be free from solicitation to provide help in a police investigation. *See Illinois v. Lidster*, 540 U.S. 419, 425 (2004) (Law enforcement officers do not violate the Fourth Amendment by asking individuals to provide information "or otherwise cooperate" in police investigatory work.).

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk is therefore DIRECTED to place a § 1915(g) strike flag on the case.

Plaintiff had previously filed two lawsuits which were dismissed as frivolous, malicious or failed to state a claim upon which relief may be granted.[2] This case therefore constitutes Plaintiff's third strike pursuant to 28 U.S.C. § 1915(g). The Clerk is therefore DIRECTED to place a §

---

[2] *Toney v. Hunter, et al*, Civil No. 4:02-cv-00286 (E.D. Ark.) (Report and Recommendation enter on June 5, 2002, recommending dismissal for failure to state a claim and that the dismissal count as a strike. Adopted by Order and Judgment entered July 2, 2002, stating among other things, that the dismissal counts as a strike. Appeal dismissed for failure to prosecute on November 10, 2002); *Toney v. Golden, et al.,* Civil No. 6:02-cv-06125 (W.D. Ark.) (Report and Recommendation entered on August 9, 2002, recommending dismissal on the grounds the claims are frivolous and fail to state claims upon which relief may be granted. Adopted by order entered August 27, 2002. No appeal was taken). Plaintiff's ADC number 107698 was used to identify him in both of these cases.

1915(g) flag barring Plaintiff from proceeding IFP in future cases unless he is under imminent danger of serious physical injury.

       IT IS SO ORDERED this 12th day of July 2018.

                                         /s/ P. K. Holmes, III
                                       P. K. HOLMES, III
                                       CHIEF U.S. DISTRICT JUDGE