IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES LEONARD TONEY                                                                    PLAINTIFF

v.                                        Civil No.: 6:18-cv-06049

CORPORAL HEATH DICKSON, *et. al.*                                                   DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P.K. Holmes, III, Chief United States District Judge, referred Plaintiff's Motion to Appeal *in forma pauperis* ("IFP") (ECF No. 11) to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKGROUND

Plaintiff filed his Complaint on May 22, 2018. (ECF No. 1). Pursuant to the preservice screening requirements of the Prison Litigation Reform Act ("PLRA"), Plaintiff's case was dismissed on July 12, 2018. (ECF No. 7). As Plaintiff had previously filed two lawsuits which were dismissed as frivolous, malicious or failed to state a claim upon which relief may be granted,[1] the Clerk was directed to place a § 1915(g) flag barring Plaintiff from proceeding IFP in future cases unless he is under imminent danger of serious physical injury.

---

[1] *Toney v. Hunter, et al*, Civil No. 4:02-cv-00286 (E.D. Ark.) (Report and Recommendation enter on June 5, 2002, recommending dismissal for failure to state a claim and that the dismissal count as a strike. Adopted by Order and Judgment entered July 2, 2002, stating among other things, that the dismissal counts as a strike. Appeal dismissed for failure to prosecute on November 10, 2002); *Toney v. Golden, et al.,* Civil No. 6:02-cv-06125 (W.D. Ark.) (Report and Recommendation entered on August 9, 2002, recommending dismissal on the grounds the claims are frivolous and fail to state claims upon which relief may be granted. Adopted by order entered August 27, 2002. No appeal was taken). Plaintiff's ADC number 107698 was used to identify him in both of these cases.

Plaintiff filed a Notice of Appeal on August 20, 2018. (ECF No. 8). He was directed to file his Application to Appeal IFP by September 10, 2018. Plaintiff filed his Motion to Appeal IFP on December 6, 2018. (ECF No. 11).

## II. ANALYSIS

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section1915, which governs proceedings filed in forma pauperis, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner-initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained in forma pauperis status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee albeit in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or failing to state a claim, to obtain in forma pauperis status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g. Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). The three-strikes provision applies to both initial civil complaints and appeals. *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997).

The three-strikes provision applies to Plaintiff. As he is a "three-striker," and has not alleged that he is in imminent danger of physical harm, he is not eligible for IFP status on this appeal.

### III. CONCLUSION

Accordingly, I recommend that Plaintiff's Motion to Appeal IFP (ECF No. 11) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of December 2018.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE